J-A16025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN BREWER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DANIEL H. ANDREWS, | |
| Appellee | No. 3415 EDA 2014 |

Appeal from the Judgment Entered December 1, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 13-00663

BEFORE: LAZARUS, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 21, 2015**

Appellant, John Brewer, appeals from the judgment entered on December 1, 2014. We affirm.

The factual background and procedural history of this case are as follows. Daniel H. Andrews ("Andrews") owns 2948 Lincoln Highway, Sadsburyville, PA ("the Property"). In July 2011, Andrews advertised a unit at the Property for rent. On July 14, 2011, Appellant and Andrews entered into a pre-lease agreement for a unit at the Property. Andrews informed Appellant that a rental agreement was contingent on payment of a $1,404.00 deposit and employment verification. That same day, Appellant paid Andrews the $1,404.00 deposit. Andrews was thereafter unable to verify Appellant's employment. Thus, on July 18, 2011, Andrews returned Appellant's deposit and informed Appellant that he could not enter into a

_____

* Retired Senior Judge assigned to the Superior Court

rental agreement. Appellant then obtained substitute housing which cost $185.00 per month more than a unit at the Property.

On January 23, 2013, Appellant commenced this action by filing a complaint against Andrews. In the complaint, Appellant sought damages for a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Act ("CPL"), 73 P. S. § 201-1 *et seq*. A non-jury trial commenced on July 28, 2014. On July 30, 2014, the trial court found in favor of Andrews. On August 11, 2014, Appellant filed a post-trial motion.[1] On October 14, 2014, the trial court denied Appellant's post-trial motion. On December 1, 2014, judgment was entered in favor of Andrews. This timely appeal followed.[2]

Appellant presents five issues for our review:[3]

1. Was the [c]ourt in error in its conclusion of law that a knowing misrepresentation is necessary to establish a violation of [the CPL]?

2. Was the [trial c]ourt's [finding] that [Andrews] informed [Appellant] that as conditions of entering into a rental

---

[1] We note that Appellant's post-trial motion was timely. **See** Pa.R.C.P. 227.1 (requiring post-trial motions be filed within ten days of the verdict). As the tenth day fell on a Saturday, the filing of the post-trial motion on the following Monday made it timely. **See** Pa.R.C.P. 106(b).

[2] On December 2, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On December 16, 2014, Appellant filed his concise statement. On January 5, 2015, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

[3] Although Appellant's brief contains six enumerated issues, two of the issues (numbers 2 and 6 in Appellant's brief) are identical. **See** Appellant's Brief at 4.

agreement, he required a deposit of $1,404[.00] and verification of [Appellant]'s employment in error since there is no such term found in the terms admitted by [Andrews] to constitute the terms of the written lease agreement which was attached to the complaint[?]

3. As a matter of law, given the contradicted facts adduced at trial, was plaintiff [] entitled to judgment?

4. Must a new trial be granted because [Andrews'] proof failed to substantiate that a lease had not been created?

5. Was the verdict of the court in finding that no lease was created manifestly against the weight of the evidence?

Appellant's Brief at 4 (internal quotation marks omitted).[4]

In his first issue, Appellant argues that a knowing misrepresentation is not required to establish a violation of the CPL. As this presents a question of statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *See Gallo v. Conemaugh Health Sys., Inc.*, 114 A.3d 855, 863 (Pa. Super. 2015) (citation omitted).

In its opinion denying Appellant's post-trial motion, the trial court confessed error as to its conclusion of law. *See* Trial Court Opinion, 10/14/14, at 3 n.1. We agree with Appellant and the trial court that the trial court's conclusion of law was incorrect. The CPL prohibits "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201–2(4)(xxi). This Court has held that this provision does not require a knowing misrepresentation. *See Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 154 (Pa.

---

[4] We have re-numbered the issues for ease of disposition.

Super. 2012). Instead, Appellant was required to prove that Andrews' actions were capable "of being interpreted in a misleading way." *Id.*

Although the trial court erred with respect to its conclusion of law, such error was harmless. When viewed as a whole, the trial court's findings of fact and conclusions of law evidence the trial court's belief that Andrews' actions were not capable of being interpreted in a misleading way. Specifically, the trial court found that there was no lease formed between Appellant and Andrews. The receipt of Appellant's deposit was only one pre-requisite to Appellant entering into a lease with Andrews. A reasonable consumer would understand that, in order for the lease to be executed, Andrews had to verify Appellant's employment. The trial court – who sat as the finder of fact – found that Appellant fell short of proving that Andrews' actions were capable of being interpreted in a misleading way. *See* Trial Court Opinion, 10/14/14, at 3 n.1. Thus, the trial court's error of law was harmless. *See Bensinger v. Univ. of Pittsburgh Med. Ctr.*, 98 A.3d 672, 683 n.12 (Pa. Super. 2014) (internal alterations and citation omitted) ("An error is harmless if the court determines that the error could not have contributed to the verdict.").

In his second issue, Appellant argues that the trial court's finding that Andrews "informed [Appellant] that as conditions of entering into a rental agreement, he required a deposit of $1,404[.00] and verification of [Appellant's] employment" was incorrect. Findings of Fact and Conclusions

of Law, 7/30/14, at 1. "[T]he trial court's findings of fact are entitled to great weight and will be reversed only for clear error[.]" **Green v. Schuylkill Cnty. Bd. of Assessment Appeals**, 772 A.2d 419, 426 (Pa. 2001) (citations omitted). In this case, the record supports the trial court's factual finding. At trial, Andrews testified that

> the conditions [of obtaining a lease] were verification of [Appellant's] employment. I really only have two major requirements. When I do take in a tenant, they just have to have solid work experience and work history. It has to be solid work going on, and they have to have the deposit to get into the unit. And, basically, what I told him I said, Okay. What we are going to do is we will meet. I will get a deposit, and at that point, I will get . . . . [w]here you are working, your employment status, and I will check that out. And after that checks out[,] assuming it checks out, then we will proceed.

N.T., 7/28/14, at 28.

Appellant argues that Andrews' testimony contradicts a judicial admission made in his answer and that the judicial admission controls. This greatly exaggerates the extent of Andrews' admission. In his answer, Andrews admitted that he signed the pre-lease agreement. Answer, 5/31/13, at 1. Andrews also stated in his answer that he "informed [Appellant] that he was concurrently going to confirm [Appellant's] income and employment[.]" **Id.** at 2. Thus, contrary to Appellant's argument, Andrews did not unconditionally concede that he entered into a rental agreement. Instead, Andrews only conceded that he entered into an agreement contingent upon verification of Appellant's employment. Therefore, based on Andrews' testimony, the trial court reasonably found

that Andrews informed Appellant of the employment verification contingency. Thus, the trial court's factual finding was not clearly erroneous.

In his third issue, Appellant contends that the trial court erred by denying his motion for judgment notwithstanding the verdict ("JNOV"). Our standard of review when examining a trial court's denial of a motion for JNOV "is whether, when reading the record in the light most favorable to the verdict winner and granting that party every favorable inference therefrom, there was sufficient competent evidence to sustain the verdict." *Koller Concrete, Inc. v. Tube City IMS, LLC*, 115 A.3d 312, 320–321 (Pa. Super. 2015) (citation omitted). "Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the court could have properly made its award, then we must affirm the trial court's denial of the motion[.]" *Brown v. Trinidad*, 111 A.3d 765, 769–770 (Pa. Super. 2015).

Appellant argues that Andrews' concession that he signed the pre-lease agreement was dispositive in this case. As noted above, however, Andrews did not unconditionally concede that he entered into an a rental agreement. Instead, Andrews only conceded that he entered into an agreement contingent upon verification of Appellant's employment.

There was sufficient evidence presented at trial that no lease was created. The trial court credited Andrews' testimony and found Appellant's

contrary testimony to be "odd" and not credible. Trial Court Opinion, 10/14/14, at 3 n.1. As noted by the trial court, the entire theory of Appellant's case is that he entered into a lease with Andrews. *See id.* As no lease was entered into, Andrews' refusal to permit Appellant to move into a unit at the Property did not violate the CPL. Accordingly, there was sufficient evidence to support the trial court's verdict.

In his fourth issue, Appellant argues that he is entitled to a new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. *Koller*, 115 A.3d at 322 (citation omitted). The trial court denied Appellant's motion for new trial because it determined Appellant and Andrews did not enter into a lease agreement. As noted above, there was sufficient evidence for the trial court's finding. Thus, we find no abuse of discretion in the trial court's decision to refuse a new trial.

In his final issue, Appellant argues that the verdict was against the weight of the evidence. As noted above, the trial court served as the fact-finder in this case. "We will respect a trial court's findings with regard to the credibility and weight of the evidence [after a bench trial] unless the appellant can show that the court's determination was manifestly erroneous, arbitrary and capricious[,] or flagrantly contrary to the evidence." *J.J. DeLuca Co., Inc. v. Toll Naval Assocs.*, 56 A.3d 402, 410 (Pa. Super. 2012) (internal quotation marks and citation omitted).

We have reviewed all of the evidence presented at trial and conclude that the trial court's findings are not "manifestly erroneous, arbitrary and capricious[,] or flagrantly contrary to the evidence." *Id.* Other than the arguments Appellant raised as to the sufficiency of the evidence, he does not present any argument for why the verdict was against the weight of the evidence. Accordingly, we conclude that Appellant's last issue is without merit.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015